1818.

Adreon
vs
Hawkins

ADREON vs. HAWKINS.

JUNE.

Where D took a lease of a house from P for one year, on the same terms it had been let by P to J S the former tenant, the rent to be paid quarterly, and D had then the possession of the house under J S; and that possession was continued under the contract between P and D—Held, that D became liable to an action for use and occupation, and his liability to that action could not be divested or defeated by his abandoning or relinquishing the possession, or underletting to another, and that liability continued during the term.

APPEAL from *Baltimore* County Court. *Assumpsit* for the use and occupation of a house for three months. The general issue was pleaded. On the trial the plaintiff, (now appellee,) gave in evidence the following contract, under seal, between him and a certain *John Sands*, for the letting of the premises in the declaration mentioned. "Agreement made between *Wm. Hawkins* and *John Sands*, this 2d day of April 1810. That the said *Wm. Hawkins* hath leased and rented to the said *John Sands*, all that lot on South-street, with the buildings and improvements, No. 7, in which he now lives, for one year, at seven hundred and fifty dollars pr. year, to be paid quarterly, and at the end of each quarter, and to give or take a quarter's warning before the expiration of the year. For the true performance of the above agreement, both parties bind themselves in the penalty of fifteen hundred dollars, to be paid by the party failing, to the party complying, with this agreement." And that without any further agreement or contract, *Sands* continued in the possession and occupation of the premises, paying rent in conformity to the reservation in said agreement, until the 18th of November 1813. That then the defendant took the premises from *Sands* on the same terms on which *Sands* had them. That the defendant continued in possession until the 2d of October 1814, and paid rent at the expiration of each quarter to *Sands*, until the expiration of *Sands'* time, and to the plaintiff afterwards, the amount reserved in the agreement between the plaintiff and *Sands*. And the plaintiff further gave in evidence, that some short time before the expiration of the last year of the occupation of the house by *Sands*, the defendant applied to him to be admitted to occupy the premises, on the same terms that *Sands* had done; to which the plaintiff agreed; and the defendant continued in the possession until he quit the same in the manner hereafter mentioned. The defendant then gave evidence, that before the expiration of *Sands'* time in the house, and while the defendant was in possession thereof, under the authority and by permission of

1818.

Adreon
vs
Hawkins

*Sands*, the defendant had a conversation with the plaintiff, in which he stated that business was then very dull, and that if it continued to be so after *Sands'* time in the house was out, he would expect him to lower the rent; and that the plaintiff then said, that in that event he would lower the rent. The defendant further gave evidence, that business did continue as dull as it was at the time of the aforegoing conversation, during the whole of the time that the defendant remained in possession of the premises, as is hereinafter mentioned; and that after the expiration of *Sands'* time in the house, and before the defendant removed from it as hereinafter mentioned, but at what precise time the witness could not determine, the defendant spoke to the plaintiff about lowering the rent on account of business continuing so dull, and told him he thought he ought to do it; but the plaintiff replied that the defendant was in the same situation as others who had taken houses on high rent, when business was brisk, and were now obliged to pay the rent, although business was dull. That afterwards the defendant, on the 1st of October 1814, the day before the expiration of a quarter, removed from said premises entirely, and sent the key of the house to the plaintiff, with the following note directed to him, which note and key were left at his dwelling, viz. "I have sent the key of your house, and shall make out your bill, and then I am ready to settle the balance of your rent whenever you please to call." And that on the 5th of October 1814 the plaintiff sent the following answer: "I am informed by my family you have sent out to my house the key of the house I rented you in South-street. This is to inform you, that I do not take the house off your hands until the end of the year you took it for, which ends 2d April 1815; you may send for the key when you please." That on the 4th of October 1814, the plaintiff called at the defendant's new place of business and abode, and received the rent due up to the second day of October, and gave therefor the following receipt, and did not express any dissatisfaction at the removal of the defendant from his premises, or inform him that he should continue to look to him for the rent of the same, viz. "Recd. *Baltimore* 4th October, 1814, from Mr. C. *Adreon*, three hundred and seventy-five dollars, in full for house rent up to the 2d day of this month, including his bill.

                                        *Wm. Hawkins.*"

The defendant further gave evidence, that he never afterwards received said key, nor had any actual possession, occupation or use of said premises, but that the key continued in possession of the plaintiff. And the plaintiff also gave evidence, that there was no such agreement, as is stated on the part of the defendant, about the reduction of rent if business continued as dull as it was during the time that *Sands* occupied the house. And he further gave evidence, that he never took the possession of the house, or in any manner interfered with the same, until after the 2d of April 1814, when the year had expired, other than by suf-

1818.

Adreon
vs
Hawkins

fering the key to remain at his own house, which would have been delivered to defendant at any time he might have called for it.   The defendant then moved the court to direct the jury, that if they believed the testimony so given by the defendant, notwithstanding the evidence of the plaintiff, that then the plaintiff is not entitled to recover in this form of action.   But the Court [*Hollingsworth* and *Bland*, A. J.] refused to give such direction. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, MARTIN and DORSEY, J.

*Winder*, for the Appellant, stated that there were two questions in the case—1. Whether under the circumstances the plaintiff below could maintain the action for use and occupation against the defendant while he did not occupy or use the house? 2 Whether if the jury believed the evidence of the defendant, it did not in law amount to an assent on the part of the plaintiff, that the defendant should give up the house on the 1st of October 1814?

On the *first* point, he referred to the statute 11 *Geo.* II, *ch.* 19, s. 14.   2 *Com. on Cont.* 509, 512, 514.  *Naish vs. Tutlock*, 2 *H. Blk.* 323.   1 *Esp. Dig.* 60, *(20.) Bull vs. Sibbs*, 8 *T. R.* 327.   *Gregory vs. Badcock*, 2 *Smith's Rep.* 18; and *Redpath vs. Roberts*, 3 *Esp. Rep.* 225.

On the *second* point, he cited *Redpath vs. Roberts*, 3 *Esp. Rep.* 225; and *Shirley vs. Newman*, 1 *Esp. Rep.* 266.

*Williams*, for the Appellee, on the *first* point, referred also to the statute 11 *Geo.* II. *ch.* 19, s. 14.   2 *Com. on Cont.* 513, 514, 521.   *Bull vs. Sibbs*, 8 *T. R.* 327.   1 *Esp. Dig.* 60, *(20.)   Redpath vs. Roberts*, 3 *Esp. Rep.* 225.   1 *Chitty's Plead.* 338.  2 *Chitty's Plead.* 10, (note;) and 3 *Selw. N. P.* 1180.

On the *second* point, he contended, that the decision of the court below did not prevent the defendant from contending before the jury that the contract was dissolved, by consent of the parties, if the jury believed that there was such a dissolution; and the verdict negatives that there was such a rescinding of the agreement.

CHASE, Ch. J. delivered the opinion of the court.   It appears by the statement of facts that the defendant in the court below, took a lease of the house in South street No. 7, from the plaintiff, for one year, on the same terms it had been by the plaintiff let to *J. Sands*, the former tenant—the rent to be paid quarterly.   At the time of the contract between the plaintiff and the defendant, the latter had the possession, use and occupation of the house under *Sands*, which possession, use and occupation, was continued under the contract between the plaintiff and the defendant, and the defendant became liable to the action for the use and

occupation, and his liability to that action could not be divested or defeated by his abandoning or relinquishing the possession or underletting to another, and that liability continued during the term.

